

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| JERON ALONDO COOK,<br>　　　　　　Petitioner,<br><br>vs.<br><br>WARDEN KENNETH NELSEN,<br>　　　　　　Respondent. | §<br>§<br>§<br>§ CIVIL ACTION NO. 0:20-173-MGL-PJG<br>§<br>§<br>§ |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DENYING PETITIONER'S SECTION 2254 PETITION, AND DENYING PETITIONER'S MOTION FOR A BOND HEARING

Petitioner Jeron Alondo Cook (Cook) filed this 28 U.S.C. § 2254 petition against Respondent Warden Kenneth Nelsen (Nelsen).  Cook is self represented.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Nelsen's motion for summary judgment be granted, Cook's Section 2254 petition be denied, and his motion for a bond hearing be denied.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 30, 2020, but Cook failed to file any objections to the Report.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72  advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court Nelsen's motion for summary judgment is **GRANTED**, Cook's  Section 2254 petition is **DENIED**, and his motion for a bond hearing is **DENIED**.

To the extent Cook moves for a certificate of appealability, his request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 19th day of October, 2020, in Columbia, South Carolina.

                                                                s/ Mary Geiger Lewis
                                                                 MARY GEIGER LEWIS
                                                                 UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.